No. 16,502.

LADWIG *v*. LADWIG.
(222 P. [2d] 421)

Decided September 11, 1950.

Mr. HAROLD B. WAGNER, Mr. CARL A. WYERS, for plaintiff in error.

Mr. CHARLES A. WILLIS, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

A CONTROVERSY having to do with the custody of a female child aged about three years (two and one-half years at the time of hearing). The parties are the divorced parents of the child, and the finding and judgment below was in favor of the mother.

Counsel here, as it seems proper to observe, are not those who appeared in the divorce case proper. There, charging cruelty, the wife was plaintiff and prevailed. In the interlocutory decree, entered May 14, 1949, the custody of the child was awarded to the mother, but with leave to the father to have such custody from five o'clock p.m. Friday, to six o'clock p.m. Sunday, each week. During the period of the father's custody he was privileged to keep the child at the home he shared with his father and mother. In point of fact, however, the parties seemingly acquiescing therein, the father usually had custody of the child from five o'clock p.m. Thursday, to six o'clock p.m. Sunday. The final decree, entered November 15, 1949, was based "upon the terms and conditions contained in the interlocutory decree." For the period of six months between the entry of the two decrees, and for three additional months, or until February 14, 1950, neither party complained or otherwise challenged the custody arrangement decreed by the court; but on the date last mentioned the father, charging that the mother was an unfit person to have custody of the

child, filed a petition seeking an order for exclusive custody in himself. On this charge the trial judge received evidence, and adjudged in denial of the petition, but taking note of the evident agreement of the parties, stated above, modified the original order of custody to conform thereto, that is to say, the mother to have the child four days and the father three days of each week; but provided, nevertheless, that such order was not permanent in the sense that the parties, proceeding as advised, might not petition for modification thereof, saying: "The court will modify the custody order in this respect: That the plaintiff retain custody at this time, and the defendant have custody from five p.m. on Thursday until the hour of six o'clock p.m. the following Sunday, with the right to call the case up again within a year if the situation warrants it. Considering all the facts," the court added, "the child's age, and the fact that the evidence shows to the court that she is in a healthy condition, and everything indicates that she has been well cared for, the court feels the present arrangement concerning custody is satisfactory." "And thereupon," quoting from the formal order, "it is ordered by the court that the custody order be modified to read as follows; plaintiff to retain custody of minor child and defendant to have custody from 5:00 o'clock p.m. Thursday to 6:00 o'clock p.m. Sunday every week until the further order of the court."

█ Plaintiff in error complains that the showing made in support of his petition was such that the failure of the court to find the mother was unfitted to have custody of the child, was an abuse of judicial discretion, hence erroneous. We have been at pains to examine the record in extenso. Counsel for the father, proceeding within the legitimate limits of argument, have emphasized the evidence which they regard as conclusive, while counsel for the mother, proceeding quite as legitimately, presents the converse. Specifically, counsel for the father stress testimony given by their client relative

to the claimed misconduct of the mother on one occasion, which they say she did not deny, but ignored, in her testimony, and contend that her silence was tantamount to admitting the truth of their client's testimony. Counsel opposing contends that the statement of the father's reliance does not fix the time or place of the mother's asserted offending, and, considered in its context, does not refer to any time pertinent here.

The trial court, although not specifically referring thereto, either did not give credence to the testimony of the father, as such, or regarded it as "double talk," and declined to dignify the statement with judicial consideration. The situation regarded from either angle, as we think, the trial court, in whose discretion primary determination rested, was not only not bound to believe what the father said—the sole factual dependence here—but, proceeding considerately, could and did ignore it. Other points presented, largely included in the one we have discussed, are believed to be without merit.

Let the judgment be affirmed.

MR. JUSTICE HAYS and MR. JUSTICE ALTER concur.